UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AFFINITYLIFESTYLES.COM, INC. d/b/a REAL WATER, et al., <br><br> Defendants. | Case No. 2:25-cv-00399-RFB-EJY <br><br> **ORDER** |

Pending before the Court is Plaintiffs' Motion for Order to Deposit Funds in the Court's Registry (sometimes the "Motion").[1] ECF No. 8. An initial group of Defendants claiming personal injury filed an Opposition to Plaintiffs' Motion that is found at ECF No. 86.[2] KeHE Distributors of Nevada, LLC and KeHE Distributors, Inc. ("KeHE") filed a Limited Opposition to Plaintiffs' Motion at ECF No. 117. Plaintiffs' filed Replies in Support of their Motion at ECF Nos. 112 and 135. On August 22, 2025 Plaintiffs filed their Final Status Report asserting all Defendants have been served with the Motion for Order to Deposit Funds. ECF No. 184 at 2. No response to the Status Report was filed. The Court considered all the filings and finds as follows.

**I.      The Parties' Arguments**

Plaintiffs move to deposit funds asserting that under Federal Rule of Civil Procedure 67 and United States District Court for the District of Nevada Local Rule 67-1 they have met all of the requirements for such a deposit. ECF No. 8 at 5-6. Plaintiffs explain that Affinitylifestyles.com,

---

[1] Plaintiffs include Ohio Security Insurance Company, Peerless Indemnity Insurance Company, The Ohio Casualty Insurance Company, and West American Insurance Company. ECF No. 8 at 2.
[2] The Defendants who filed a substantive Opposition to Plaintiff's Motion at ECF No. 86 include Agnes Aleksandra, Yvonne Arnone, Niegal Davis-Richard, Tina Hartshorn, Tiquionte Henry, Lela Kaveh, Ginger Land-Van Buuren, Lorenzo Muniz, Cheryl Nally, Patricia Sutherland, as Heir of Kathleen Ryerson, Daniel Taylor, Daisy Wei, Chrispher Noah Wren, Christopher Brian Wren, and Emely Wren. *Id*. at 4 n.1. Three additional Defendants, Kristina A. Allan, Robert L. McGovern, and Grace Zimmerman, joined in Opposition to Plaintiffs' Motion at ECF No. 88. Lisa King and Blain Jones, appearing separately as Defendant, joined Defendants' Opposition to Plaintiffs' Motion at ECF No. 91 and 95 respectively. Collectively, all of the individual Defendants who oppose Plaintiffs' Motion are referred to herein as the "Responding Defendants."

1  Inc. d/b/a Real Water, Real Water of Tennessee LLC, and Real Water, Inc. (collectively "Real
2  Water") filed for bankruptcy protection after enumerable individuals claimed personal injury by
3  consuming a product called "Re²al Water." *Id*. at 3.  At some point not specifically identified,
4  $940,000 of the total insured amount ($22,000,000) was "paid to resolve claims against Real Water."
5  *Id*. at 4.  This interpleader action seeks to deposit with the Court $21,060,000, representing the total
6  remaining aggregate limits of the insurance policies issued to Real Water by Plaintiffs.[3]  *Id*. at 2, 4.

7  In addition to the "finite" amount of Insurance Proceeds at issue, Plaintiffs state "there will
8  be no repeated deposits because the Insurance Proceeds will be deposited all at once, thus there will
9  be no undue burden on the Clerk of Court." *Id*. at 6.  Plaintiffs also state they "disavow their interest
10 in the Insurance Proceeds" to be interpleaded and, "therefore[,] the likelihood of success … [on the]
11 merits is not at issue." *Id*.

12 The Responding Defendants argue Plaintiffs have not "effectuated lawful service of process
13 on dozens of" those who Plaintiffs sued.  ECF No. 86 at 5.  The Responding Defendants further
14 argue that because they filed a Motion to Dismiss, Plaintiffs' Motion is improper.  *Id*.  Other than
15 stating not all Defendants have been served and incorporating their Motion to Dismiss into the
16 Opposition to the Motion to Deposit Funds, Responding Defendants offer nothing to the Court upon
17 which to rely to consider in Opposition.  *Id*. at 5-6.

18 KeHE claims that "Plaintiffs seek to absolve themselves of any and all liability, duty, and/or
19 obligation to KeHE, and its Indemnitees," through the deposit of the insurance proceeds, relying on
20 assertions in Plaintiffs' Complaint for this proposition.  ECF No. 117 at 5-6.  KeHE says that if the
21 Court is inclined to grant Plaintiffs' Motion the Order should "specify that such deposit shall not
22 serve or operate to terminate in any way" KeHE's right to defense coverage, damages for defense
23 costs, indemnification of amounts paid on behalf of KeHE to resolve liability arising from tort
24 actions by individual defendants, or any other damages arising from or related to Plaintiffs' acts or
25 omissions.  *Id*. at 6-7.

26 In their Reply to the Responding Defendants' Opposition, Plaintiffs reiterate that they have
27 met all of the requirements for deposit of funds under Fed. R. Civ. P. 67.  Plaintiffs aver that they do

---

[3] The $21,060,000 is referred to herein as the "Insurance Proceeds."

2

not seek dismissal or discharge of liability through their Motion to Deposit Funds, the amount to be deposited is finite, and there are numerous competing claims for the Insurance Proceeds that exceed the value of these proceeds (in which they disavow any interest). ECF No. 112 at 3-5.

In Reply to KeHE's Opposition, Plaintiffs emphasize that they "do not presently seek to be discharged from their purported liability or to be dismissed from this case." ECF No. 135 at 2. Plaintiffs only seek to deposit the Insurance Proceeds with the Court. *Id*. Plaintiffs point out that KeHE does not address Fed. R. Civ. P. 67 at all and their silence on this issue should be treated as a waiver. *Id.*[4] Plaintiffs again point to their compliance with the requirements of Rule 67 and argue their Motion does not seek to resolve the duty to defend KeHE or its indemnitees. *Id*. at 3, 5.

## II.  Discussion

Rule 67 of the Federal Rules of Civil Procedure states:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67(a). The decision whether to allow a Rule 67 deposit lies within the sound discretion of the court. *United States Fire Ins. Co. v. Icicle Seafoods, Inc.*, Case No. 2:20-cv-401-RSM-DWC, 2020 WL 5526686, at *2 (W.D. Wash. Sept. 15, 2020) (internal citation omitted). "An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for [a] rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund." *Lee v. West Coast Life Ins. Co.,* 688 F.3d 1004, 1009 (9th Cir. 2012) (quoting *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010). Then, "[i]f the district court finds that the interpleader action has been properly brought" in the second stage, "the district court will then make a determination of the respective rights of the claimants." *Id.*

Here, the Court is concerned only with the first stage of this interpleader action; that is, the deposit of funds. The Court finds the requirements for interpleader are met by Plaintiffs as

---

[4] Plaintiffs fail to cite U.S. District Court for the District of Nevada Local Rule 7-2(d) for this proposition and instead cite a case from the Southern District of California. *Id*.

3

Responding Defendants' only argument addressing these requirements is now moot. Specifically, Responding Defendants argue that service on all Defendants has not been effected and that, therefore, Plaintiffs' Motion is premature. ECF No. 86 at 4-5. However, this is belied by the detailed representations in Plaintiffs' last Status Report at ECF No. 184. Further, Responding Defendants are silent in response to Plaintiffs' assertion that there is a single fund at issue (*see* ECF No. 86), Plaintiffs' disclaim interest in the Insurance Proceeds, and there can be no dispute that there are adverse claimants to that fund.

With respect to Responding Defendants' "incorporation" of the entirety of their pending Motion to Dismiss (ECF No. 85, which is 24 pages long attaching 220 pages of exhibits), this is unhelpful; and it is without doubt a violation of the page limitations set by Local Rule 7-3(b). *Lescinsky v. Clark Cnty. Sch. Dist.*, 539 F. Supp. 3d 1121, 1129 n.8 (D. Nev. 2021). As stated in *Lescinsky*, "[a] party wishing to present a motion to the court needs to present the argument in a brief, clear, and concise fashion—not direct the court to search through ... previously filed briefs to find an argument." *Id*. citing *Friends of Moon Creek v. Diamond Lake Improvement, Ass'n, Inc.*, Case No. CV-13-0396-JLQ, 2015 WL 2250456, at *1 (E.D. Wash. May 13, 2015).

The arguments offered by KeHE are also unavailing. First, the Court rejects the argument that by granting the Motion to Interplead Funds the Court will terminate any right to defense coverage, damages for defense costs, or indemnification to which KeHE may be entitled. Not only do Plaintiffs expressly state they are not seeking dismissal or discharge from purported liability, but the Order below is limited to the deposit of funds. Second, KeHE does not oppose the Motion based on a failure to meet the requirements of Rule 67. The failure to oppose this argument offered by Plaintiffs allows the Court to grant the Motion on this basis alone. LR 7-2(d).

**III.   Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Order to Deposit Funds in the Court's Registry (ECF No. 8) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court is to accept Plaintiffs Ohio Security Insurance Company, Peerless Indemnity Insurance Company, The Ohio Casualty Insurance Company, and West American Insurance Company's deposit of the $21,060,000 Insurance Proceeds

and deposit the same in an interest bearing account; provided, however, the deposit of funds is **stayed** until such time as the pending Motions to Dismiss (ECF Nos. 85 and 185) are decided by the Court. Upon final resolution of these Motions to Dismiss, the stay is automatically lifted—that is, no further order of the Court is required—and Plaintiffs may proceed with the deposit of the funds, which the Clerk of Court must accept.

Dated this 23rd day of September, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

5