UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Ohio Security Insurance Company, et al., | Case No. 2:25-cv-00399-CDS-EJY |
| Plaintiffs | **Order Denying in Part the Defendants' Motions to Dismiss, Granting Alternative Relief to Stay the Case, and Approving Stipulation to Extend Briefing** |
| v. | |
| Affinitylifestyles.com, et al., | |
| Defendants | [ECF Nos. 85, 185, 204] |

This is an interpleader action brought by plaintiffs Ohio Security Insurance Company, Peerless Indemnity Insurance Company, the Ohio Casualty Insurance, and West American Insurance Company against corporate and individual defendants. *See* Compl., ECF No. 1. On April 2, 2025, several defendants[1] moved to dismiss, or in the alternative, stay this action (MTD-1). MTD-1, ECF No. 85. Several defendants[2] move to join MTD-1. Joinder, ECF Nos. 89, 90, 94, 190. The plaintiffs filed an opposition to the dismissal motion, on April 16, 2025. MTD-1 opp'n, ECF No. 111. This motion is fully briefed. *See* Reply, ECF Nos. 124, 142, 143, 144, 190.[3]

On September 8, 2025, a second group of defendants filed a motion to dismiss (MTD-2), or in the alternative, to stay this case. MTD-2, ECF No. 185.[4] This motion is also fully briefed. *See*

---

[1] This group of defendants are: Agnes Aleksandra, Yvonne Arnone, Niegal Davis-Richard, Tina Hartshorn, Tiquionte Henry, Lela Kaveh, Ginger Land-Van Buuren, Lorenzo Muniz, Cheryl Nally, Patricia Sutherland, as Heir of Kathleen Ryerson, Daniel Taylor, Daisy Wei, Christopher Noah Wren, Christopher Brian Wren, and Emely Wren (herein, Group 1). *See* MTD-1, ECF No. 85 at 4 n.1.

[2] These defendants include: Kristina A. Allen, Robert L. McGovern, Grace Zimmerman (ECF No. 89); Lisa King (ECF No. 90); Blain Jones (ECF No. 94); Ryan Carrier and Arika Carrier, individually and on behalf of their minor children H.C. and F.C. (ECF No. 190). The joinders to the motion to dismiss are granted.

[3] The individuals that filed a reply to the response include: Group 1 defendants (ECF No. 124); Blain Jones (ECF No. 142); Kristina A. Allen, Robert L. McGovern, Grace Zimmerman (ECF No. 143); Lisa King (ECF No. 144); Ryan Carrier and Arika Carrier, individually and on behalf of their minor children H.C. and F.C. (ECF No. 190).

[4] The second group of defendants are: Bryan Abele; Sandra Abele; T.A., a minor child, through his parents Bryan and Sandra Abele; Brenda Alaniz, as Guardian ad Litem for Abraham Olvera; Sylvia Atanasova; Richard Belsky; Andria Bordenave; Jereme Botiz; Monica Branch Noto; Miriam Brody; Hunter Brown; Pamela Brown; Sarah Callovi; Nicole Chang; Jenna Consiglio; James Delmar; Vanya Diaz; Estate of Milo

MTD-2 opp'n, ECF No. 191; Reply, ECF No. 193.[5] For the reasons set forth herein, I deny in part the defendants' motions to dismiss, and I grant alternative relief to stay the case.[6]

## I.      Legal standard

### A.  Motion to dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Kwan v. SanMedica, Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Johnson v. Federal Home Loan Mortg. Corp.*, 793 F.3d 1005, 1008 (9th Cir. 2015). The court is "not 'required to accept as true allegations that contradict exhibits

Hurst; Kathleen Gacias; Matthew Gonzalez; James Hu; Myles Hunwardsen; Tevis Hurst, individually and as Administratrix of the Estate of Milo Hurst; Yaniv Ittah, as Special Administrator of the Estate of Adir Ittah, Decedent; Lorraine Kalayanaprapruit; Kourosh Kaveh; Vincent Linke; Cary Mano; Jose Martinez; Gray Maynard; Jorge Morales; S.M., a minor child, by and through his father Jorge Morales; Karla Moreno; Glen Morris; Abraham Olvera; Bruce Parent; Cheri Rasmussen; Jill Raw; Judith Ryerson, as Special Administrator of the Estate of and as Heir of Kathleen Mustain Ryerson; Richard Ryerson, as Heir of Kathleen Mustain Ryerson; Jazmin Schaffer; Candice Sharapov; L.S., a minor child, through his parents Nikolay & Candice Sharapov; Nikolay Sharapov; Z.S., a minor child, through her parents Nikolay & Candice Sharapov; Christina Sosa; Carolyn Strong; Joseph Tegano; Monica Vozza; Steven Wadkins; L.O.W., a minor child, by and through her mother Sante Williams; L.Y.W., a minor child, by and through her mother Sante Williams; Sante Williams; Brandi Wren (herein, Group 2). *See* MTD-2, ECF No. 185 at 3–4 n.1.

[5] Theodore Stevens, who is appearing pro se, seeks to join the motion to dismiss the interpleader. Joinder, ECF No. 199. Stevens's joinder motion is denied without prejudice for failure to comply with Local Rule 7-2. *See* LR 7-2(d) (explaining that failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion).

[6] I note that also pending before the court is the debtor defendants' motion to dismiss (ECF No. 200). This motion will be resolved separately in ordinary course. Also pending before the court is the parties' stipulation for extension of time (ECF No. 204). Because I find good cause exists to extend time and the parties agree for the extension of time for the plaintiffs to file a response to the motion to dismiss (ECF No. 200), I grant this stipulation. The plaintiffs' response is due April 3, 2026.

attached to the [c]omplaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim has facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In assessing a motion to dismiss, courts may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters subject to judicial notice. *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014).

### B. Interpleader complaints

The "primary purpose" of an interpleader action is to protect disinterested stakeholders from multiple liability and the expense of several lawsuits. Fed. R. Civ. P. 22; *see also Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000). "An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for [a] rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund." *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (quoting *Mack v. Kuckenmeister*, 619 F.3d 1010, 1023 (9th Cir. 2010)) (cleaned up); *see also* Fed. R. Civ. P. 22(a); 28 U.S.C. § 1335. Then, "[i]f the district court finds that the interpleader action has been properly brought," in the second stage, "the district court will then make a determination of the respective rights of the claimants." *Id.* (quoting *Mack*, 619 F.3d at 1023–24).

Depositing the disputed funds into the court's registry is also "a jurisdictional requirement to statutory interpleader under 28 U.S.C. § 1335." *Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81–82 (9th Cir. 1982). Federal Rule of Civil Procedure 67 "provides the mechanism"

3

for a party to relieve itself of responsibility for a disputed fund by depositing it with the court. *Methven & Assocs. Pro. Corp. v. Paradies-Stroud*, 2014 WL 231654, at *2 (N.D. Cal. Jan. 21, 2014). The decision whether to grant a motion to deposit is committed to the Court's discretion. *Id.*

However, "[i]n order to avail itself of the interpleader remedy, a stakeholder must have a good faith belief that there are or may be colorable competing claims to the stake." *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F. 3d 887, 894 (9th Cir. 2012). The good-faith standard "is not an onerous requirement." *Id.* (citing 4 James Wm. Moore, *Moore's Federal Practice* § 22.03 (3d ed. 1997)). The threshold for establishing good faith is necessarily low as not to conflict with the pragmatic purpose behind interpleader; that is "for the stakeholder to protect itself against the problems posed by multiple claimants to a single fund." *Id.*

## II.    Discussion

### A.  The motions to dismiss are denied.

As set forth in the complaint, the plaintiffs seek to interplead the full remaining aggregate limits of liability insurance policies issued by them to Affinitylifestyles.com, Real Water of Tennessee LLC, and Real Water, Inc. ECF No. 1 at 4, ¶ 1. Those limits total $22,000,000 of which $940,000 has been paid to resolve claims against Real Water. *Id.* The plaintiffs seek to interplead the remaining policy limits amount in light of many competing claims made by dozens of individuals who suffered bodily injuries after consuming Real Alkalized Water. *Id.*

The plaintiffs filed a declaratory relief action to obtain a judicial determination of their rights and obligations under the policies issued by them to Real Water. ECF No. 1 at 4, ¶ 2. As explained in the complaint, plaintiff Peerless Indemnity Insurance Company issued four primary policies;[7] West American Insurance Company issued two primary policies;[8] and Ohio Security Insurance Company issued two primary policies.[9] ECF No. 1 at 13–14, ¶ 105. These policies

---

[7] Policy number CBP1031766. ECF No. 1 at ¶ 105.
[8] Policy numbers BKW (17) 56 93 29 40 and BKW (18) 56 93 29 40. *Id.*
[9] Policy numbers BLS (20) 59 96 11 64 and BLS (21) 59 96 11 64. *Id.*

contain limits of $1 million for bodily injury and property damage and a $2 million general aggregate. *Id.* at ¶ 105. Peerless Indemnity Insurance Company and Ohio Casualty Insurance Company issued umbrella policies as well. [10] *Id.* at ¶ 106. The umbrella policies contain limits of $1 million each occurrence and a $1 million aggregate. *Id.*

Ultimately, the plaintiffs seek in their prayer for relief an order requiring the defendants to interplead their claims for proceeds from the plaintiffs' insurance policies; an order dismissing the plaintiffs with prejudice and discharging the plaintiffs, and an order enjoining and restraining the defendants from bringing an action against the plaintiffs in connection with the plaintiffs' insurance policies and proceeds. ECF No. 1 at 19.

Group 1 moves to dismiss the plaintiffs' interpleader complaint, arguing: (1) the interpleader is premature and unripe; (2) the plaintiffs fail to properly invoke interpleader because the allegations in their complaint confirm that they are not a disinterested stakeholder; (3) there are significant equitable concerns precluding the use of interpleader; (4) the plaintiffs failed to properly serve and join indispensable parties; and (5) ongoing state court proceedings obviate the need for interpleader. [11] *See* ECF No. 85 at 5–6, 20. Among other arguments, the plaintiffs argue in opposition that the court should deny Group 1's motion to dismiss because each of the elements for 28 U.S.C. § 1335 are met. ECF No. 111 at 3. I address each argument in turn.

First, Group 1's argument that this complaint is not ripe is unpersuasive. Group 1 conclusively asserts that the plaintiffs' interpleader action is premature and unripe because the plaintiffs are currently pursuing an appeal from the bankruptcy court's order denying their motion to approve compromise. ECF No. 85 at 12 (citing 21-14099). Group 1 further argues that any determination as to the plaintiffs' complaint is contingent on the outcome of the plaintiffs' appeal. *Id.* at 12–13. In opposition, the plaintiffs assert that its interpleader action is ripe. ECF

---

[10] Peerless issued policy numbers: CU8899267, CU8899267, CU8899267; and CU8899267; Ohio Casualty issued policy numbers USO (17) 56 93 29 40 and USO (18) 56 93 29 40. ECF No. 1 at 14, ¶ 106.
[11] I address Group 1's fourth ground for relief in the motion to stay analysis.

No. 111 at 12. The plaintiffs clarify that its appeal before the Bankruptcy Appellate Panel (BAP) is only on whether the bankruptcy court erred in denying the motion to compromise, not as to the dismissal of its interpleader action. *Id.* at 12 n.7.

Group 1's argument fails for various reasons. First, it fails to cite any authority to support its proposition that a pending appeal before the BAP renders an action in this court premature or unripe. Second, the plaintiffs' complaint is ripe for adjudication because it has sufficiently alleged an interpleader action and there are no facts before this court that render this action premature. *See Twombly*, 550 U.S. at 570 (explaining that the plaintiff must only allege facts sufficient to state a plausible claim). As such, I deny Group 1's motion to dismiss on this basis.

Second, Group 1's argument that the plaintiffs are not a disinterested stakeholder is essentially two-fold—that is, (1) the plaintiffs have an ongoing duty to defend in the underlying product liability actions and (2) they have incurred independent liability to multiple claimants by failing to accept reasonable offers of judgment. *See* ECF No. 85 at 13–15. To support their position, Group 1 states "if an insurance company in bad faith refuses to settle or compromise with the policy limits it is liable for the amount of the judgment in excess of the policy limit." *Id.* at 15 (citing *Found. Rsrv. Ins. Co. v. Kelly*, 388 F.2d 528, 531 (10th Cir. 1968) (citation modified).

In opposition, the plaintiffs first argue that they do not seek to resolve any ongoing duty to defend Real Water, nor does their complaint address independent liability. ECF No. 111 at 11. Further, the plaintiffs argue in opposition, they are claiming no interest in the insurance proceeds. *Id.* The plaintiffs also argue that Group 1's assertion that they have incurred independent liability to multiple claimants by failing to accept reasonable offers of judgment is wrong. *Id.* at 12.

"A court should readily discharge a disinterested stakeholder from further liability absent a stakeholder's bad faith in commencing an interpleader action, potential independent liability to a claimant, or failure to satisfy requirements of rule or statutory interpleader." *Augustar Life Assur. Corp. v. Terrana*, 2025 U.S. Dist. LEXIS 161014, at *6 (E.D. Cal. Aug. 18, 2025)

6

(citing *OM Fin. Life Ins. Co. v. Helton*, 2010 WL 3825655, at \*3 (E.D. Cal. Sep. 28, 2010)). Here, the crux of Group 1's argument is that the plaintiffs are subject to bad faith claims, so they cannot be a disinterested stakeholder. ECF No. 85 at 15. But, as I have explained in resolving similar motions involving other interpleader actions related to Real Water litigation,[12] it is not for this court to decide the merits of bad faith claims against the plaintiffs. *See Mack*, 619 F.3d at 1024 ("For interpleader to be held improper based on the merits of the claims being asserted against [the] stakeholder, courts would be required to address the merits of the claims before propriety of the interpleader."). Indeed, even Group 1 acknowledges that the alleged "bad faith" claims are subject to separate issues being pursued in state court action. ECF No. 85 at 15. As such, even if the plaintiffs are liable for bad faith claims, that will be the subject of separate litigation, and any awards associated with such claims would not come from interpleaded funds at issue here. Accordingly, this argument does not entitle Group 1 to relief.

Third, Group 1 argues that this action should be dismissed because of serious equitable concerns, namely the application of the doctrine of laches applies. ECF No. 85 at 15–17. Laches bars a plaintiff who, "with full knowledge of the facts, acquiesces in a transaction and sleeps upon [their] rights." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 950–51 (9th Cir. 2001) (citation modified). A defendant is entitled to relief under the doctrine where the defendant proves "both an unreasonable delay by the plaintiff and prejudice to itself." *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir. 2000); *see also Evergreen Safety Council*, 697 F.3d at 1226 ("To prove laches, a claimant must show unreasonable delay and prejudice"). Interpleader may be inappropriate if a claimant asserts laches. *See U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 208 (3d Cir. 1999).

Group 1 argues that this action is barred by the doctrine of laches because the plaintiffs unreasonably delayed filing its interpleader action for years, and the delay has prejudiced claimants. ECF No. 85 at 16 (citing *Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1226

---

[12] *See National Union Fire Insurance Company of Pittsburgh v. Affinitylifestyles.com, Inc.*, 2:25-cv-00083-CDS-EJY at ECF Nos. 172, 176; *Evanston Insurance Company v. Affinitylifestyles.com, et al.*, 25-cv-00670-CDS-EJY at ECF No. 186.

(9th Cir. 2012). Group 1 also argues that the plaintiffs have been on notice of potential claims against its policy coverage since early 2021, and the Real Water victims have invested substantial time and millions of dollars in pursing their claims in state court. *Id.* at 16. Group 1 also argues that the plaintiffs "naked aim is to disrupt and delay its clear bad faith and tort liability." *Id.*

In opposition, the plaintiffs argue that Group 1 fails to demonstrate the elements of either doctrine. ECF No. 111 at 14. First, the plaintiffs assert that it did not delay in pursuing available remedies because when it became clear that there were competing claims to the limited fund, the plaintiffs pursued a declaratory relief in the bankruptcy case. *Id.* at 15. Second, the plaintiffs assert that Group 1 failed to articulate any prejudice. *Id.* In support of their opposition, they argue that Group 1 did not assert that it incurred litigation costs due to the plaintiffs' failure to file an interpleader action sooner. *Id.*

I find the plaintiffs' years-long delay in initiating this action unreasonable. *Compare United Invs. Life Ins. Co. v. Grant*, 387 F. App'x 683, 688 (9th Cir. 2010) (applying California law and determining that the filing an interpleader action fifteen months after receiving a claim and after a minimal, pro forma investigation, was not reasonable as a matter of law), *with In re Tech. Equities Corp.*, 163 B.R. 350, 356 (Bankr. N.D. Cal. 1993) (finding National Union unreasonably delayed filing the interpleader action for a year where National Union never contested its liability an at-issue), *with Macpherson-Pomeroy v. N. Am. Co. for Life & Health Ins.*, 2025 WL 1727092, at *6 (E.D. Cal. June 20, 2025) (determining as a matter of law that North American's delay in interpleading funds from July 2019 to February 2020 was unreasonable in light of the circumstances of underlying facts). Attempts to settle the policy through the bankruptcy court aside, the plaintiffs have long known of the judgments issued and the plaintiffs acknowledge that there have been prior actions (ECF No. 85 at 16; ECF No. 111 at 4, 6), yet the plaintiffs did not bring this claim for years after first learning of the claims.

8

Nonetheless, while Group 1 meets its burden showing that the plaintiffs were unreasonable in delaying this action, it does not meet its burden showing it is prejudiced by the delay. Indeed, Group 1's own motion argues that the complaint is both premature and not ripe for adjudication. ECF No. 85 at 12. Further, Group 1 only conclusively asserts that it has spent time and money litigating their claims in state court. *Id.* at 16.[13] But such allegations are insufficient to find prejudice. For these reasons, Group 1's motion to dismiss on this basis is denied.

Finally, Group 1 argues that they are entitled to relief because the plaintiffs failed to properly serve and join indispensable parties. *Id.* at 20. In opposition, the plaintiffs assert that Group 1 misunderstands the difference between joinder and service. ECF No. 111 at 18. Further, the plaintiffs assert that Group 1 has failed to identify a single person or entity that should have been named as a defendant in the interpleader but has not yet been named. *Id.* At the time that Group 1 filed their dismissal motion,[14] the time to effectuate service had not yet run, so this argument was not ripe and is denied accordingly.[15]

---

[13] Group 1's argument that the plaintiffs have unclean hands also fails. ECF No. 85 at 17. Group 1 conclusively asserts that the plaintiffs have unclean hands because they have not acted in good faith. *Id.* To support their position, they assert, without providing support, the plaintiffs filed "a sham declaratory relief action; they intentionally interfered" with their contracts with the Trustee; and they filed a federal injunction action to torpedo the Gallagher trial. *Id.* But it is unclear how this constitutes unclean hands when Group 1 has not provided any evidence to support their argument.

[14] The complaint was filed on March 5, 2025 (ECF No. 1), and the motion to dismiss was filed April 2, 2025 (ECF No. 85).

[15] Because Group 2's motion to dismiss (ECF No. 185 at 3–4) is premised on the same arguments, I apply the same reasoning and deny their motion on this ground. I note that Group 2 raises additional arguments concerning the plaintiffs not being disinterested stakeholders, and also find that those arguments fail for the reasons stated in this order. Second, Group 2 also separately raised an argument concerning ineffective service for: Karla Moreno; Monica Branch-Noto; Pamela Brown; Cary Mano; and Sante Williams, along with her two minor children, L.O.W. and L.Y.W. ECF No. 185 at 5. However, Group 2's reply indicates that Sante Williams has been properly served. ECF No. 193 at 12 n. 4. But Group 2 argues that the plaintiffs have relied on inaccurate affidavits of service for Karla Moreno, Monica Branch-Noto, Pamela Brown, and Cary Mano. ECF No. 193 at 12. I find that Group 2's argument also fails because the affidavits of service properly satisfy Federal Rule of Civil Procedure 4. *See* ECF No. 53 (As to Karla Moreno, documents were served on Miranda Moreno, co-resident and sister of Karla); ECF No. 41 (As to Monica Branch-Noto, documents were served on Devin Branch, Monica's son and co-resident); ECF No. 43 (As to Pamela Brown, documents were served on Hunter Brown, Pamela's spouse/co-resident); ECF No. 79 (As to Cary Mano, documents were served on Taeko Yanagi, co-resident of Mano).

**B.   Alternative relief seeking to stay the case is granted**.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Thus, a district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "This rule . . . does not require that the issues in such [separate] proceedings [be] necessarily controlling of the action before the court." *Id.* at 863–64. However, "'if there is even a fair possibility that the stay will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citation modified) (quoting Landis, 299 U.S. at 255)). A district court must weigh the competing interests that may be affected by the granting or refusal to grant a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Among those competing interests are "the possible damage which may result from the granting of a stay" and "the hardship or inequity which a party may suffer in being required to go forward." *Id.*

Considering those standards, the court finds a stay is warranted here.[16] The concurrent actions in this court and the bankruptcy court pose potential res judicata concerns. I therefore grant the motion to stay this action until the bankruptcy proceeding (21-14099-nmc)

---

*See also* Fed. R. Civ. P. 4(e)(2)(B) (explaining service may be proper by "leaving a copy of [the summons and complaint] at the individual's dwelling or **usual** place of abode with someone of suitable age and discretion who resides there"); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (explaining if service was not made in substantial compliance with Rule 4, actual notice will not subject the defendants to personal jurisdiction). Here, I have that substantial compliance with Rule 4 was effectuated and the defendants have actual notice of this litigation.

[16] The court also considers its prior ruling (*National Union Fire Insurance Company of Pittsburgh v. Affinitylifestyles.com, Inc.*, 2:25-cv-00083-CDS-EJY; *Evanston Insurance Company v. Affinitylifestyles.com, et al.*, 25-cv-00670-CDS-EJY), Group 1's argument that state court action will adequately resolve the issues presented by the interpleader complaint (ECF No. 85 at 18), and its authority to manage its docket. *See Ready Transp., Inc. v. AAR Mfg.*, 627 F.3d 402, 404 (9th Cir. 2010).

concludes.[17] If the bankruptcy proceeding concludes and the parties still seek to bring a motion to dismiss, it must file a motion for leave to do so setting forth the reasons why it is necessary to this action.

### III.    Conclusion

IT IS HEREBY ORDERED that Group 1 and Group 2 defendants' motions to dismiss **[ECF Nos. 85, 185] are DENIED in part as set forth in this order. Alternative relief staying the case is GRANTED.**

IT IS FURTHER ORDERED that the defendants' joinders **[ECF Nos. 89, 90, 94, 190] are GRANTED.**

IT IS FURTHER ORDERED that counterclaimant Theodore Stevens's joinder [ECF No. **199] is DENIED without prejudice.**

IT IS FURTHER ORDERED that the parties' stipulation for extension of time to file a response as to the debtor's motion to dismiss **[ECF No. 204] is APPROVED**. The plaintiffs' response is due by April 3, 2026.

Dated: March 23, 2026

_____
Cristina D. Silva
United States District Judge

---

[17] A review of the bankruptcy docket indicates that there remain ongoing matters to be resolved. *See* ECF No. 924 in 21-14099-nmc.