UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

OHIO SECURITY INSURANCE
COMPANY, et al,

　　　　Plaintiffs,

　　v.

AFFINITYLIFESTYLES.COM INC. d/b/a
REAL WATER, et al,

　　　　Defendants.

Case No. 2:25-cv-00399-CDS-EJY

**AMENDED ORDER**[1]

Pending before the Court are the Motion to Strike Notice of Lien and Creditor's Lien (ECF No. 203), Theodore Steven's Motion to Withdraw the Notice of Lien (ECF No. 214), and Mr. Steven's Motion for NNCC Law Library (ECF No. 215).

**I.　DISCUSSION**

The Court begins with Mr. Steven's Notice of Lien and Creditors Lien (ECF No. 202) that he has moved to withdraw (ECF No. 214). In light of the Motion to Strike ECF No. 202, filed by the personal injury plaintiffs represented by Kemp Jones, LLP,[2] the Court finds it appropriate to grant the Motion to Withdraw, which in turn renders the Motion to Strike moot.

With respect to ECF No. 215—the Motion for NNCC Law Library—the Court finds Mr. Stevens establishes no basis to participate in this lawsuit. Mr. Stevens is not a Plaintiff or Defendant; nor has the Court granted him status as an intervener. Mr. Stevens was added to the docket in error. *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (finding reversible error where nonparties were permitted to participate in a lawsuit without leave of court). If Mr. Stevens believes he has a reason to participate in this lawsuit, he must seek permission to do so through a motion for leave to intervene establishing either his right to do so or reasons why the Court should

---

[1] 　The only change to the original Order is a correction on Page 2, Section II in which the Motion for NNCC Law Library was referred to as ECF No. 216 instead of 215.
[2] 　*See* ECF No. 203, n.1 which defines those who comprise the personal injury plaintiffs.

grant permissive intervention. Fed. R. Civ. Pro. 24.[3] Because Mr. Stevens has not been granted the status of an intervenor, his Motion for NNCC law Library (ECF No. 216) is not properly considered by the Court.

**II.    ORDER**

Accordingly, IT IS HEREBY ORDERED that Steven's Motion to Withdraw ECF No. 202 (ECF No. 214) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Strike ECF No. 202 Notice of Lien and Creditor's Lien (ECF No. 203) is DENIED as moot.

IT IS FURTHER ORDERED that Steven's Motion for NNCC Law Library (ECF No. 215) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court must update the docket to (1) reflect that ECF No. 202 has been withdrawn, and (2) remove Theodore Stevens from the list of interested parties.

Dated this 1st day of April, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[3] To intervene as a matter of right, an individual must "(1) timely move to intervene; (2) demonstrate a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) be situated such that the disposition of the action may impair or impede the party's ability to protect that interest, and (4) not be adequately represented by existing parties. *Akina v. Hawaii*, 835 F.3d 1003, 1011 (9th Cir. 2016) (internal citations and quotations omitted). Permissive intervention may be granted where the applicant demonstrates "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999) (quoting *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).