UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Ohio Security Insurance Company, et al.,

Plaintiffs

v.

Affinitylifestyles, et al.,

Defendants

Case No. 2:25-cv-00399-CDS-EJY

**Order Denying Plaintiffs' Motions to Dismiss, the Defendant's Motion for Leave, and the Plaintiff's Motion for Reconsideration**

[ECF Nos. 208, 216, 221, 228]

On March 23, 2026, this court entered an order staying this action until the adversary proceeding pending in bankruptcy court concludes. Order, ECF No. 206. On April 13, 2026, the bankruptcy court dismissed the adversary proceeding under the abstention doctrine. *See* Order Abstaining and Dismissing Adversary Proceeding, *In re Affinitylifestyles.com*, No. 23-01106-nmc (Bankr. D. Nev. April 13, 2026), Dkt. No. 196. This decision concludes the adversary proceeding and, in turn, lifts the stay in this action. *See* ECF No. 206 at 10. While the stay was active, there were four motions filed: two motions to dismiss counterclaims (ECF Nos. 208, 216), a motion for leave to file a document (ECF No. 221), and a motion for reconsideration (ECF No. 228). For the reasons set forth below, the motions to dismiss and motion for leave are denied without prejudice, and the motion for reconsideration is denied as moot.[1]

## I. Discussion

"A stay is a temporary suspension of a procedure in a case until the happening of a defined contingency." 1 Am. Jur. 2d Actions § 66. "The issuance of a stay halts all progress of the action, and no additional step may be taken until the stay is removed." *Id.*; *see also Tracy v. Cooley*, 2011 WL 13213899, at *2 (C.D. Cal. Apr. 22, 2011).

[1] Also pending before the court is the magistrate judge's report and recommendation (R&R). R&R, ECF No. 248. A separate order will issue addressing the R&R in ordinary course.

Here, the stay was active from March 23, 2026, until April 13, 2026—i.e., the date the bankruptcy court dismissed the first amended complaint in the adversary proceeding. The motions to dismiss were filed on March 24 and 31, 2026, and the motion for leave was filed on April 2, 2026. *See* ECF Nos. 208, 216, 221. Thus, all three motions were filed while the stay was active. These filings therefore usurped the purpose of entering the stay. *See* 1 Am. Jur. 2d Actions § 66. Accordingly, they are dismissed without prejudice.[2] Should the parties wish to re-file their respective motions, they may do so. The new filings, if any, must account for recent developments in the multi-court litigation, including the bankruptcy court's dismissal of the adversary action.

Further, because the triggering event concluding the stay—that is, the bankruptcy court's dismissal of the adversary action—occurred on April 13, 2026, the motion to reconsider the stay order is now moot. Accordingly, that motion is denied.

## II. Conclusion

IT IS HEREBY ORDERED that the plaintiffs' motions to dismiss **[ECF Nos. 208, 216] are DENIED without prejudice** and motion for reconsideration **[ECF No. 228] is DENIED as moot.**

IT IS FURTHER ORDERED that the interest party Theodore Stevens's motion for leave to file document **[ECF No. 221] is DENIED without prejudice.**

Dated: July 22, 2026

Cristina D. Silva
United States District Judge

[2] The motion for leave is also denied because it violates Local Rule 7-2(a) by failing to provide supporting points and authorities. LR 7-2(a) ("All motions . . . must be supported by a memorandum of points and authorities.").