UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Ohio Security Insurance Company, et al.,

Plaintiffs

v.

Affinitylifestyles.com, Inc., et al.,

Defendants

Case No. 2:25-cv-00399-CDS-EJY

**Order Overruling Objections to the Report and Recommendation that the Motion for Leave to Intervene be Denied, Striking Certain Filings, and Denying as Moot a Motion to Strike and Joinder**

[ECF Nos. 195, 221, 241, 248, 250, 258, 264, 268, 270, 271, 272, 273, 274, 277, 284, 287, 295, 296]

This is an interpleader action brought by plaintiffs Ohio Security Insurance Company, Peerless Indemnity Insurance Company, The Ohio Casualty Insurance Company, and West American Insurance Company against corporate and individual defendants. *See* Compl., ECF No. 1. Purported interested party, Theodore Stevens, filed a motion to intervene. ECF No. 221. Two oppositions were filed to the motion. *See* ECF Nos. 231, 232.[1] Stevens also filed a reply. ECF No. 235.

On May 12, 2026, United States Magistrate Judge Elayna J. Youchah filed a report and recommendation (R&R) that I deny Stevens' motion, finding that Stevens is not entitled to intervention under either provision of Federal Rule of Civil Procedure 24(a). *See* R&R, ECF No. 248. Stevens filed an objection to the R&R. Obj., ECF No. 250. While difficult to discern, it appears Stevens maintains that he has a valid assignment of rights from defendant Jesce Richt, so he has the right to intervene. *See id.* The plaintiffs filed a response to his objection, asserting in sum that this court should overrule Stevens' objection and adopt the R&R in full. *See* ECF No. 251.

[1] ECF No. 231 was filed by "Certain Personal Injury Plaintiffs/Putative Defendants" who are defendants in this action, and ECF No. 232 was filed by the plaintiffs in this action.

For the reasons set forth herein, Stevens' objection is overruled and so I adopt the magistrate judge's findings and accept the R&R in full. As a result, Stevens' motion to intervene is denied, and I strike several pending motions filed either solely by Stevens, or by Stevens and Richt. Finally, I deny as moot a motion to strike and a joinder to that motion.

## I. Legal standard

The R&R was issued pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rules IB 1-4 and 3-2. Local Rule IB 3-2(a) states that "[a]ny party wishing to object to a magistrate judge's findings and recommendations made under LR IB 1-4, IB 1-5, IB 1-6, and IB 1-7 must file and serve specific written objections with supporting points and authorities." LR IB 3-2(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

Further, courts must liberally construe documents filed by pro se litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, whether filed by a represented party or a pro se party, objections must be written and specific. *See, e.g.*, Fed. R. Civ. P. 72(b)(2) (providing that "a party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge). "To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection." *Kenniston v. McDonald*, 2019 WL 2579965, at *7 (S.D. Cal. June 24, 2019) (citing *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Snipes v. Tilton*, 2011 WL 766599, at *1 (S.D. Cal. Feb. 25, 2011) (citing *Dawson v. Ryan*, 2009 WL 4730731, at *2 n.1 (D. Ariz. Dec. 7, 2009) ("Courts are not obligated to review vague or generalized objections to an R&R; [the objecting party] must provide specific written objections to invoke the Court's review.")).

## II. Discussion

### A. Stevens's objections are overruled.

As noted above, Stevens's objections are difficult to discern. But, liberally construing his filing, Stevens's sole objection is rooted in his belief that he has a valid assignment of Richt's right to pursue a malpractice action against Richt's attorney, in a suit brought by Richt and others in the Eighth Judicial District Court (Case No. A-21-831880-B), presumably related to Richt's consumption of Real Water. *See* ECF No. 250 at 2 (asserting "I have a valid assignment I don't need R24 [sic] or 19 so if somebody wants to challenge the legality of Doc 195 let's go.").[2] He also appears to assert that, because of the assignment, he has the right to assert a counterclaim for bad faith against the plaintiffs in this action related to their seeking interpleader. *See* Countercl., ECF No. 213; Order striking countercl., ECF No. 224; *see also* ECF No. 221 at 2 ("I have a valid undisputed malpractice claim and the [insurance companies] are acting with bad faith and [*Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004 (9th Cir. 2012),] say[s] I can go after the [insurance companies] for ALL damages"); ECF No. 250 at 2 (arguing that *Lee* "allows counterclaims for bad faith" and "if Richt is entitled at anything and [we're] not at that point yet I have a valid assignment").

But as explained in the R&R, Stevens has no interest he needs to protect because his purported interest in a complaint for legal malpractice is invalid. While Stevens attempted to pursue a malpractice claim in this action, ECF No. 205, his complaint was stricken from the record, ECF No. 224. *See* ECF No. 248 at 2. And, Judge Youchah noted that even if not stricken, the legal malpractice action could not be assigned to Stevens. *Id.* (citing *Tower Homes v. Heaton*, 377 P.3d 118, 121 (Nev. 2016)) (holding that, in Nevada, as a matter of public policy, a legal malpractice action cannot be assigned when the client did not first pursue such action because the decision to bring a malpractice action is vested only in the client). Because Stevens cites no

---

[2] ECF No. 195 is docketed as a purposed assignment from Richt to Stevens for any money Richt would be due under this action and under *Evanston Insurance Company v. Affinitylifestyles.com Inc.*, Case No. 2:25-cv-00670-CDS-EJY (D. Nev.). It also suggests that Richt assigned Stevens his right to collect money from "lawyers for malpractice." ECF No. 195 at 1.

points and authorities to support his argument that Richt's assignment of his right to pursue a malpractice claim is "valid," and Nevada law states otherwise, Stevens's objection on that ground is overruled.

Next, Judge Youchah cited the docket in the underlying state court action and explained that Richt's claims were dismissed, leaving Stevens no interest to pursue in this matter. ECF No. 248 at 2–3. Stevens does not contest that fact, conceding in his objection to the R&R that "the strict product liability was lost," and explaining in his motion to intervene that summary judgment was granted in the state court action because of Richt's attorney, ECF No. 221 at 2. Thus, Stevens does not, and could not, have any interest in the funds in this action because any interest Richt might have had to that money was lost once his claims were dismissed in state court. Even more, if the plaintiffs in this action are liable for bad faith claims, that will be the subject of separate litigation, and any awards associated with such claims would not come from the interpleaded funds at issue here. Finally, to the extent that Stevens intended to represent Richt rather than be assigned his interest—considering that Richt is still a party and continues to participate in this matter, *see* ECF Nos. 197, 241—Judge Youchah correctly determined that Stevens, who is not a barred attorney, cannot represent Richt. ECF No. 248 at 2 & n.2. Without any interest in the interpleaded funds, Stevens fails to identify a reason to intervene. *See* Fed. R. Civ. P. 24(a)–(b) (providing for intervention as a matter of right when a person "claims an interest relating to the property or transaction that is the subject of the action"). His objection on this ground is also overruled. Accordingly, I adopt the magistrate judge's findings and accept the R&R in full.

**B. I strike several filings, and deny related motions, because Stevens is not an interested party.**

Because Stevens is not an interested party, his filings are rogue. Accordingly, the following filings are stricken: ECF Nos. 195, 196, 197, 209, 211, 212, 229, 241, 258, 270, 271,[3] 272,[4] 273, 274, 277, 284, 287, 295, and 296.

Further, because I am striking ECF No. 258, the motion to strike that filing (ECF No. 264) and the joinder thereto (ECF No. 268) are denied as moot.

## III. Conclusion

It is therefore ordered that Stevens's objection to the magistrate judge's report and recommendation **[ECF No. 250] is OVERRULED.**

It is further ordered that the report and recommendation **[ECF No. 248] is AFFIRMED and ADOPTED in its entirety**. Accordingly, Steven's motion to intervene **[ECF No. 221] is DENIED**.

It is further ordered that **[ECF Nos. 195, 196, 197, 209, 211, 212, 229, 241, 258, 270, 271, 272, 273, 274, 277, 284, 287, 295, and 296] are STRICKEN**.

It is further ordered that the motion to strike **[ECF No. 264]** and the joinder to that motion **[ECF No. 268] are DENIED as moot**.

The Clerk of Court kindly directed to remove Theodore Stevens as a counter claimant and an interested party in this action. No additional filings from Theodore Stevens are permitted.

Dated: October 28, 2026

_______________________________
Cristina D. Silva
United States District Judge

---

[3] Even if this was not stricken, it would be denied because it violates Local Rule 7-2(d), which states that a party's failure to cite any points and authorities in support of their motion constitutes consent to denial of the motion. The filing fails to cite any points and authorities.

[4] Even if this was not stricken, it would be denied because it violates Local Rule 7-2(d), which states that a party's failure to cite any points and authorities in support of their motion constitutes consent to denial of the motion. The filing fails to cite any points and authorities.